**IN THE UNITED STATES BANKRUPTCY COURT**
**Eastern District of Virginia**
**Norfolk Division**

| | |
|---|---|
| **In re: Kevin Ray Campbell** | **Case No. 17-73224-SCS** |
| **Amy Elizabeth Campbell** | **Chapter 13** |
| **Debtors** | |

Address:    1613 Boxley Dr.
Virginia Beach, VA 23456

Last four digits of Social Security No(s):    xxx-xx-3690 (Debtor)
xxx-xx-7287 (Joint Debtor)

## NOTICE OF OMNIBUS OBJECTION TO CLAIM

The above named Debtor has filed an Omnibus Objection to Claim in this bankruptcy case.

**Your claim may be reduced, modified or eliminated.** **You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the Court to eliminate or change your claims, then no later than 30 days from the date of this notice**,** you or your attorney must:

File with the Court a written response to the objection, explaining your position, at:

Clerk of Court
United States Bankruptcy Court
600 Granby Street, 4th Floor
Norfolk, VA  23501

If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.

You must also send a copy to:

Boleman Law Firm, P.C.
Convergence Center III
272 Bendix Road, Suite 330
Virginia Beach, VA  23452

Kathryne Mary Rose Shaw (VSB #89561)
Boleman Law Firm, P.C.
Convergence Center III
272 Bendix Road, Suite 330
Virginia Beach, VA  23452
Telephone (757) 313-3000
Counsel for Debtors

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the instant matter and may enter an order granting that relief.

Dated: <u>April 5, 2018</u>                    BOLEMAN LAW FIRM, P.C.
                                                                                Counsel for Debtors

By:   <u>/s/ Kathryne Mary Rose Shaw</u>
        Kathryne Mary Rose Shaw (VSB #89561)
        Boleman Law Firm, P.C.
        Convergence Center III
        272 Bendix Road, Suite 330
        Virginia Beach, VA  23452
        Telephone (757) 313-3000
        Counsel for Debtors

## **CERTIFICATE OF SERVICE**

I certify that on <u>April 5, 2018</u>, a copy of the foregoing has been sent to the Chapter 13 Trustee via the Court's CM/ECF system and mailed via first class mail to the following:

Cavalry SPV I, LLC
c/o Bass & Associates, P.C.
3936 E. Ft. Lowell
Suite 200
Tuscon, AZ 85712

Kevin and Amy Campbell
1613 Boxley Dr.
Virginia Beach, VA 23456

                                                             <u>/s/ Kathryne Mary Rose Shaw</u>
                                                             Counsel for Debtors

## IN THE UNITED STATES BANKRUPTCY COURT
### Eastern District of Virginia
### Norfolk Division

| | |
|---|---|
| In re: Kevin Ray Campbell | Case No. 17-73224-SCS |
| Amy Elizabeth Campbell | Chapter 13 |
| Debtors | |

### OMNIBUS OBJECTION TO CLAIMS NO. 19-1 and 20-1
### AND MEMORANDUM IN SUPPORT

**Pursuant to FRBP 3007(e), NOTICE IS HEREBY GIVEN that claimants receiving this Objection should locate their names and claims in the Objection. The only claimant subject to this pleading is Cavalry SPV I, LLC, which filed claims assigned by the Court as Claims No. 19-1 and 20-1 and the details pertinent to each claim are found on pages 2–4 of this pleading. The objectors are Kevin and Amy Campbell, the Debtors in this case. The Debtors denies owing any debts to Cavalry SPV I, LLC, and did not list Cavalry SPV I, LLC in their schedules.**

Kevin and Amy Campbell, by counsel, and files this First Omnibus Objection to the Proof of Claims 19-1 and 20-1 filed by Cavalry SPV I, LLC ("Cavalry") pursuant to 11 U.S.C. § 502, Federal Rules of Bankruptcy Procedure 3001, 3007 and 9014, and Local Bankruptcy Rules 3007-1 and 9013-1. In support, Debtors respectfully state the following:

### Jurisdiction

1. Jurisdiction of this Court over the instant matter is based upon 28 U.S.C. §§1334 and 157 in that this action arises in and relates to the bankruptcy case of the Debtors, a chapter 13 case having been filed in this September 6, 2017.

2. This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B), (K), and (O).

3. Venue is proper pursuant to 28 U.S.C. §1409.

Kathryne Mary Rose Shaw (VSB #89561)
Boleman Law Firm, P.C.
Convergence Center III
272 Bendix Road, Suite 330
Virginia Beach, VA  23452
Telephone (757) 313-3000
Counsel for Debtors

**Parties**

4. Kevin and Amy Campbell (the "Debtors") are the debtors in this case.

5. Respondent Cavalry SPV I, LLC ("Cavalry") is a foreign limited liability company registered with the Virginia State Corporation Commission that filed a proof of claim in the instant case.

**Claims at Issue**

6. The Claims objected to are as follows:

| Claimant | Claim No. | Status | Amount |
|---|---|---|---|
| Cavalry | 19-1 | Nonpriority unsecured | $1,415.49 |
| Cavalry | 20-1 | Nonpriority unsecured | $877.22 |

7. Cavalry's claims state in Part 2, Box 7 of each Proof of Claim that no interest or other charges are not included in the claim amount.

8. The first attachment to each of Cavalry's Proofs of Claim form purports to be an account summary (the "account summary") setting forth the following information:

Claim 19-1

(1) The account was charged off on 9/30/2017,

(2) The "principal" is $1,415.49,

(3) The "interest", "fee", and "cost" is $0.00, and

(4) The previous creditor is Capital One, N.A..

Claim 20-1

(1) The account was charged off on 9/30/2017,

(2) The "principal" is $877.22,

(3) The "interest", "fee", and "cost" is $0.00, and

(4) The previous creditor is Capital One, N.A..

Debtors deny the accuracy of these statements in the account statement.

9. Cavalry's Claims have a document attached to them that purports to show the status of each account at or near the "charge-off" stage with Capital One (the "Capital One Statement").

10. The Capital One Statements set forth the following information, among other things:

Claim 19-1

    a. The previous balance was $1,378.49;

    b. Interest charges during that billing period were $32.20;

    c. Fees charges during that billing period were $37.00;

    d. Amount Past Due was $437.00; and

    e. The new balance was $1447.69.

Claim 20-1

    a. The previous balance was $822.26;

    b. Interest charges during that billing period were $19.96;

    c. Fees charges during that billing period were $35.00; and

    d. Amount Past Due was $294.00.

11. Cavalry's claims relate to credit contracts on which interest and fees are regularly assessed. Debtor asserts that Cavalry's account statements do not properly, accurately, or truthfully itemize the interest, fees, and other costs embedded in the claim amounts.

**Discussion**

12. Pursuant to 11 U.S.C. § 502(a), a claim is "deemed allowed, unless a party in

interest . . . objects."

13.     Pursuant to 11 U.S.C. § 502(b)(1), where an objection is made to a claim, the Court "shall determine the amount of such claim . . . and shall allow such claim in such amount, except to the extent that . . . [ ] such claim is unenforceable against the debtor(s) and property of the debtor(s), under any agreement or applicable law . . . . "

14.     Pursuant to Federal Rules of Bankruptcy Procedure 3001(c)(2), "If, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim."

15.     Pursuant to Federal Rules of Bankruptcy Procedure 3001(c)(3)(B), " On written request by a party in interest, the holder of a claim based on an open-end or revolving consumer credit agreement shall, within 30 days after the request is sent, provide the requesting party a copy of the writing [upon which the claim is based].

16.     Pursuant to Federal Rules of Bankruptcy Procedure 3001(f), "a proof of claim executed and filed" in accordance with the rules "shall constitute prima facie evidence of the validity and amount of the claim."

## First Objection to Claim

17.     Cavalry's account statements falsely attest under oath that the claim amounts includes $0.00 in interest and $0.00 in other charges. They fail to separately state anything regarding the fee amounts embedded in the claim amounts.

18.     The Capital One Statements directly contradicted Cavalry's sworn statements in Part 2, Box 7 of the Proof of Claim. Accordingly, Debtor is unable to efficiently use the Proofs of Claim to determine what part of the amounts claimed by Cavalry are attributable to principal,

and what amount to interest and fees.

19. Under Federal Rules of Bankruptcy Procedure 3001(c)(2)(D), and after further Motion by the Debtor, this Court should preclude Cavalry from presenting any evidence to the contrary of what it has sworn to in its claim, dismiss Cavalry's claim, and award other appropriate relief, including reasonable expenses and attorneys' fees.

## **Second Objection to Claim**

20. Debtors' Schedules do not include any debt to Cavalry and, accordingly, Debtors deny owing a debt to Cavalry and requests strict proof thereof.

21. Debtors specifically assert, pursuant to 11 U.S.C. § 502(b)(1) and (9), that Cavalry cannot enforce these debts against them.

22. Debtors affirmatively assert that Cavalry failed to attach the writings upon which Cavalry's claims are based. Pursuant to Federal Rule of Bankruptcy Procedure 3001(c)(3)(B), the Debtors request that Cavalry provide them with the copies of the writings upon which the claims are based, or a statement of the circumstances of the loss or destruction of such writing, within 30 days.

WHEREFORE, Debtors respectfully request that the Court sustain this Omnibus Objection to Claims 19-1 and 20-1, disallow the claims, grant Debtors leave to file a separate Motion seeking appropriate sanctions against Cavalry including the Debtors' reasonable attorney fees and expenses, and order such other and further relief as is just and proper.

>  Respectfully submitted,
>  **Kevin Ray Campbell**
>  **Amy Elizabeth Campbell**
>  By Counsel

By:  /s/ Kathryne Mary Rose Shaw
Kathryne Mary Rose Shaw (VSB #89561)
Boleman Law Firm, P.C.
Convergence Center III
272 Bendix Road, Suite 330
Virginia Beach, VA  23452
Telephone (757) 313-3000
Counsel for Debtors

## CERTIFICATE OF SERVICE

I certify that on April 5, 2018, a copy of the foregoing has been sent to the Chapter 13 Trustee via the Court's CM/ECF system and mailed via first class mail to the following:

Cavalry SPV I, LLC
c/o Bass & Associates, P.C.
3936 E. Ft. Lowell
Suite 200
Tuscon, AZ 85712

Kevin and Amy Campbell
1613 Boxley Dr.
Virginia Beach, VA 23456

/s/ Kathryne Mary Rose Shaw
Counsel for Debtors